IN RE APPLICATION FOR DISCIPLINE OF RICHARD C. SWAGLER.[1]

April 24, 1953.

No. 36,069.

*Robert J. Nowack,* for Practice of Law Committee of the Minnesota State Bar Association.

*Richard E. Kyle* and *Stephen Schmitt,* for respondent.

PER CURIAM.

Proceedings instituted by the Practice of Law Committee of the Minnesota State Bar Association, petitioner, for the disbarment of Richard C. Swagler, respondent, a St. Paul attorney. Both parties agree that no useful purpose would be served by a reference in this matter, and since the facts are all uncontroverted, a determination will be made upon the files and records submitted to this court.

Respondent in December 1952 was convicted of the crime of criminal negligence, and that conviction is the sole ground advanced in support of the motion for summary judgment of disbarment. Counsel for respondent in the criminal proceedings stated that the respondent was driving his car when a man was struck by another car and thrown into the path of respondent's oncoming car which also struck him. The victim died from the injuries received in the accident and the indictment of respondent for the crime of death by criminal negligence followed. At a hearing respondent pleaded guilty, and the case was continued for the purpose of allowing time for a probation officer to conduct an investigation. When the matter again

[1] Reported in 58 N. W. (2d) 272.

came before the court for sentencing, the court made the following statement:

"* * * the Court has examined the report of the Probation Officer, and I might say for the record, I don't remember of ever having a probation report on a defendant which by and large speaks more highly of a defendant than this one."

The court in passing sentence followed the recommendations of the prosecuting attorney and saw fit not to place respondent on probation, as the court said he normally would be inclined to do, but only to impose a fine.

We are of the opinion that the facts of this case do not warrant the imposition of the extreme penalty of disbarment. The respondent is a young man, 29 years of age, whose record, professional and otherwise, was practically unblemished prior to his conviction for reckless driving. Under the circumstances, it is very doubtful that any occasion for disciplinary action of this lawyer will arise in the future. He should be afforded the opportunity of continuing his profession, and this court, like the court before whom the criminal proceedings were heard, is disposed to leniency in this particular matter. It is therefore ordered that Richard C. Swagler, respondent, be suspended from the practice of law in the state of Minnesota for a period of six (6) months. Let judgment be entered accordingly.